# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SYLVIA VAZQUEZ,

    Plaintiff,

v.

VALLEY HOSPITAL MEDICAL CENTER,

    Defendant.

Case No. 2:09-CV-01811-KJD-GWF

**ORDER**

Currently before the Court is Defendant's Motion to Dismiss (#10). Plaintiff filed a Response in Opposition (#14), to which Defendant filed a Reply (#15).

## I. Background

Plaintiff Sylvia Vazquez ("Plaintiff" or "Vazquez") worked for Valley Hospital ("Defendant" or "Hospital") until May 30, 2007. She began her employment at the Hospital as a Radiology Specialty Technician, and her final position was that of an Imaging Tech II. On April 21, 2007, Vazquez allegedly "discovered . . . that a similarly situated, newly hired and less experienced [male] . . . co-worker was making in excess of $3.42/hr more than she" when "an open envelope containing [her coworker's] paycheck fell off a cork board at the main door to the MRI." (Complaint ¶ 11.) Vazquez then made a copy of the paycheck and wage record without her coworker's consent and distributed copies of the documents to her supervisor and manager. (Id.)

The Hospital's radiology manager, Chris Jones, called Vazquez on April 23, 2009, to inquire about how she had obtained a copy of her coworker's payroll documents, whereupon Vasquez asked him about the purported pay disparity. Vazquez avers that she was informed that her coworker's compensation rate was higher because he had received an "E" rating during his evaluation, while she had received a "C" rating. (Compl. ¶¶ 12, 16.)

On May 1, 2007, Plaintiff was allegedly removed from her work schedule as a result of making copies of her coworker's paycheck and wage records without his permission. (See Compl. ¶¶ 11, 14.) Plaintiff claims that on May 4, 2007, "after noticing her check had not been deposited in her account" she contacted her supervisor, Sue Maples ("Maples"), to find out why she had been removed from the schedule, and that was advised to speak to the Human Resources ("HR") Director. Plaintiff additionally avers that she was informed by Maples that because Plaintiff was a per diem employee, she was not eligible for anything higher than a "C" rating. (Id.) Subsequently, on May 10, 2007, Plaintiff spoke to the Hospital's Chief Operating Officer ("COO"), Sherry Allan, about the alleged pay disparity. On May 14, 2007, the COO contacted Plaintiff and indicated that her decision to copy her coworker's paycheck without permission was a serious violation of company policy. Plaintiff was discharged on May 30, 2007. (Compl. at 19.)

Plaintiff filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC") and the U.S. Equal Employment Opportunity Commission ("EEOC") on April 2, 2008.[1] (Compl. Ex. A.) Plaintiff filed her Complaint in the instant case on September 11, 2009, alleging two causes of action for: (1) Failure to Pay Equal Compensation under the Equal Pay Act ("EPA"); and (2) Injunctive Relief.

Defendant's instant Motion seeks that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, Defendant avers that both causes of action are barred by the relevant statute of limitations and therefore fail as a matter of law.

**II. Standard of Law for Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short

---

[1] Although the Complaint states that Plaintiff filed and signed her charge of discrimination on April 2, 2007, Exhibit A, attached to the Complaint, clearly denotes that the charge of discrimination was signed and filed on April 2, 2008. (See Compl. Ex. A.)

2

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Analysis**

Plaintiff, in Response to Defendant's Motion, concedes dismissal of her claim for injunctive relief as an element of damages, and seeks that the Court apply the three-year statute of limitations for a "willful" violation of the EPA. (#14 at 2.) Specifically, Plaintiff concedes that she did not file this lawsuit within the EPAs two-year statute of limitations for ordinary claims under 29 U.S.C. § 225(a), yet avers that "because of notice pleading" her Complaint sufficiently demonstrates the

3

element of "willfulness" required to evoke the EPA's three year limitations period for willful violations. The Court does not agree.

To state a claim for relief under the EPA, a Plaintiff bears the burden of demonstrating that employees of the opposite sex were paid different wages for equal work. See 29 U.S.C. § 206(d)(1); Stanley v. Univ. of So. Cal., 178 F.3d 1069 (9th Cir. 1999). As an amendment to the Fair Labor Standards Act ("FLSA"), the EPA incorporates the FLSA's statute of limitations. Thus the EPA requires that actions be commenced within two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a).

In McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988), the United States Supreme Court set forth the standard for "willfulness", as applied in FLSA claims to be, whether the employer "knew or showed reckless disregard" for whether its conduct violated the Act. Accordingly, Plaintiff is required to demonstrate "evidence of an employer's knowing or reckless disregard for the matter of whether its conduct was prohibited by statute." Alvarez v. IBP, Inc., 339 F.3d 894, 908 (9th Cir. 2003). Regarding willfulness, the McLaughlin Court further clarified that "if an employer acts unreasonably, but not recklessly, in determining its legal obligation," its action will not be considered a willful violation of the EPA. 486 U.S. at n.13. Moreover, the determination of willfulness is a mixed question of law and fact.[2] Alvarez, 339 F.3d at 908, (citing Reich v. Monfort, 144 F.3d 1329, 1334 (10th Cir. 1998)).

Defendant avers that Plaintiff's Complaint must be dismissed as a matter of law because it fails to allege facts sufficient to establish a plausible claim that Defendant willfully violated the EPA. The Court agrees. Plaintiff has alleged only that a male colleague was paid at a higher hourly rate while performing similar work under similar working conditions. (Compl. at ¶¶ 15–16; 20–25.)

---

[2] Plaintiff incorrectly bases her response upon the argument that willfulness is strictly an issue of fact. (See #14 at 3.)

4

Though Plaintiff insists that she has sufficiently pled a willful violation, the Court finds the factual allegations in the complaint do not allege a plausible claim for relief. Specifically, the Court cannot draw a reasonable inference from the facts and allegations pled, that Defendant knew or showed reckless disregard that its conduct violated the EPA. Plaintiff's Response cites to three paragraphs in the Complaint (¶¶ 12, 16, 17) which she avers demonstrate a plausibility of willfulness. Accepting all factual allegations in the Complaint as true—and paying particular attention to these sections—the Court finds that Plaintiff simply cannot show willfulness.

Paragraphs 12–13 state that the Hospital's radiology manager, Chris Jones, was unable to explain why Vazquez received a "C" rating, while her less-experienced coworker received an "E" rating, and agreed to be Plaintiff's advocate to "change this unfair disparity". (Compl. ¶ 12.) That Plaintiff's radiology manager was unable to explain the Hospital's employee rating system, does not create a plausible inference that a willful violation occurred. Additionally, Plaintiff argues that because Ms. Maples "agreed that the male co-worker with 6 years' experience should not be making more money than Ms. Vazquez with 20 years' experience" somehow demonstrates willfulness. (Compl. ¶ 16.) Plaintiff is incorrect. That her supervisor demonstrated sympathy for Plaintiff's situation is not evidence of willfulness. Moreover, the same paragraph in the Complaint sets forth that Ms. Maples "had been instructed not to give [Plaintiff] higher than a "C" rating because [Plaintiff] was a per diem employee. (Id.)  Additionally, Maples informed Plaintiff that "corporate headquarters [had] reviewed Ms Vazquez' letter, which they received from HR, [and had] responded that the payment system was fair." (Id.) These factual allegations counter Plaintiff's arguments for a finding of willfulness.

Moreover, Plaintiff alleges in paragraph 17 that the COO, Sherry Allen had agreed with Planitiff that "something needed to be done" about the pay disparity. (Id. at ¶ 17.)  Once again, allegations of sympathy do not constitute an inference of reckless disregard or wilfulness on behalf of the Defendant.

In response to Defendant's Motion, Plaintiff argues that she "should further be entitled to discovery on how Defendant could have arrived at their (sic) result that the 'payment system was fair' since review of any alleged 'payment system' may indeed show that it is not fair and may be deemed an intentional act . . . to keep in place a system where in (sic) male employees are paid more than female employees for equal work . . ." (#14 at 3.) Plaintiff's allegation that discovery "may indeed" reveal how defendants "could have" kept what "may be" deemed an illegal system of hire does not state a cause of action, and is nothing more than a request for a "fishing expedition". See Rich v. Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999); Medcalf v. Countrywide Home Loans, 2010 WL 3463661 (D. Nev. Aug. 27, 2010). Accordingly, and for the reasons stated herein, Plaintiff's request for further discovery is denied for futility.

The Court finds that Plaintiff's admission that her pay was based on her status as a per diem employee conclusively establishes that there was a legitimate, gender-neutral basis for Plaintiff's rate of compensation. Plaintiff's Response indicates that the recitation of "certain statements made by her employer concerning pay disparity . . . do[es] not mean that she is in agreement with such statements", (#14 at 2), however, she does not indicate which of the allegations she deems inaccurate. Moreover, Plaintiff does not dispute that she was a per diem employee, or claim that her "C" rating was somehow unfair. Accordingly, the Court finds that Plaintiff's claim fails as a matter of law and must be dismissed.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#10), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed, with prejudice.

DATED this 27th day of September 2010.

_____
Kent J. Dawson
United States District Judge